PHILLIP A. TALBERT
United States Attorney
LAUREL MONTOYA
ANGELA L. SCOTT
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile:  (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> JORGE LUIS VELASQUEZ, <br> OMAR VELAZQUEZ LANDEROS, and <br> VICTOR ROMERO GALVAN, <br><br> Defendants. | CASE NO. 1:20-CR-00161-JLT-SKO <br><br> STIPULATION REGARDING DISCLOSURE OF SENSITIVE MATERIAL AND PERSONAL IDENTIFICATION INFORMATION TO DEFENDANTS |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Eastern District of California, defendant JORGE LUIS VELASQUEZ, by and through his counsel of record, Peter Jones, defendant OMAR VELAZQUEZ LANDEROS, by and through his counsel of record, W. Scott Quinlan, and defendant VICTOR ROMERO GALVAN, by and through his counsel of record, Roger Bonakdar, hereby file this Stipulation Regarding Disclosure of Sensitive Materials and Personal Identification Information. Defendants VELASQUEZ, LANDEROS and GALVAN are hereinafter referred to as "defendants."

1. The government possesses, or may come to possess, recordings, documents, reports, or other materials the disclosure of which may ordinarily be required by the government's Rule 16, Jencks Act, or Brady obligations, but the dissemination of which could pose a serious risk to certain defendants, witnesses, or the confidentiality of an ongoing investigation (the "Sensitive Materials").

2. The government will mark all Sensitive Materials with the following stamp or inscription: "SENSITIVE MATERIALS"

3. If the government distributes any document, compact disk, or other material bearing the above label, defense counsel and defendants agree to the following as to such material:

 a. Defense counsel shall not distribute Sensitive Materials to anyone other than their own legal staff (including paralegal assistants, legal secretaries, defense investigators, and lawyer-associates);

 b. Defense counsel shall not allow anyone other than themselves and their legal staff to possess, or maintain possession of, any Sensitive Materials;

 c. Defense counsel or their legal staff may show defendants Sensitive Materials, but may not allow defendants to possess Sensitive Materials other than in the presence of defense counsel or their legal staff;

 d. Defendants shall not distribute the Sensitive Materials to anyone;

 e. Defense counsel and defendants may not disclose the contents of any Sensitive Materials publicly, including in any court filing, without first conferring with government counsel and, in any event, shall file any Sensitive Materials under seal.

4. The parties agree to confer before filing any motions regarding the government's disclosure (or lack of disclosure) of Sensitive Materials.

5. The evidence in this matter also includes personal identification information for others, including but not limited to names, addresses, dates of birth, social security numbers, and bank account numbers, as well as images, messages, and videos extracted from cellular telephones seized during the investigation. (collectively "personal information and phone data").

6. This personal information and phone data is found throughout the discovery in this case, which includes, among other records, large amounts of electronic data from phone extractions, as well as thousands of pages of records from businesses and law enforcement agencies.

7. The parties stipulate, and request the Court to order, that only defense counsel, defense counsels' agents, and the defendants may review the unredacted personal information and phone data contained in the discovery, and that defense counsel, defense counsels' agents and the defendants may

1 | only use the unredacted personal information and phone data or any portion thereof for the specific
2 | purpose of preparing or presenting a defense in this matter and for no other purpose.

3 |     8.    The parties further stipulate, and request the Court to order, that only defense counsel and
4 | defense counsels' agents may make copies of any discovery containing unredacted personal information
5 | and phone data; and that the defendants may make copies for their own use only of any discovery
6 | containing unredacted personal information and phone data that has been provided to them by defense
7 | counsel or defense counsels' agents, and may not release any such copies to any third party.

8 |     9.    The parties further stipulate and request the Court to make its Order applicable to
9 | unredacted personal information and phone data contained in all of the discovery produced in this case,
10 | including any discovery produced after entry of its Order.

11 |     10.    At the conclusion of this matter, defense counsel will collect and destroy any and all
12 | copies of documents and portions thereof containing the personal information and phone data that
13 | defense counsel possesses and/or has distributed to their agents and/or the defendants, except a copy set
14 | as necessary to maintain in defense counsels' case file.

15 |     11.    Accordingly, the parties respectfully request that the Court adopt the corresponding
16 | protective order.

17 |     12.    By signing this stipulation, the parties agree to be bound by the above terms, and those of
18 | the accompanying proposed order, before and after the Court executes and enters that order.

19 |     13.    By signing this stipulation, counsel for defendants represent that they have discussed the
20 | contents of this stipulation and proposed order with their respective clients, and that defendants have no
21 | objection to this stipulation and the relief requested in the proposed order.

23 | Dated: January 27, 2022                  PHILLIP A. TALBERT
                                         United States Attorney

25 |                                 By:  /s/ LAUREL MONTOYA
26 |                                     LAUREL MONTOYA
                                    Assistant United States Attorney

27 | ///
28 | ///

| | |
|---|---|
| Dated: January 27, 2022 | /s/ PETER JONES per email authorization<br>PETER JONES<br>Attorney for Defendant<br>JORGE LUIS VELASQUEZ |
| Dated: January 27, 2022 | /s/ W. SCOTT QUINLAN per email authorization<br>W. SCOTT QUINLAN<br>Attorney for Defendant<br>OMAR VELAZQUEZ LANDEROS |
| Dated: January 27, 2022 | /s/ ROGER BONAKDAR per email authorization<br>ROGER BONAKDAR<br>Attorney for Defendant<br>VICTOR ROMERO GALVAN |

PHILLIP A. TALBERT
United States Attorney
LAUREL MONTOYA
ANGELA L. SCOTT
Assistant United States Attorneys
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>      Plaintiff,<br><br>   v.<br><br>JORGE LUIS VELASQUEZ,<br>OMAR VELAZQUEZ LANDEROS, and<br>VICTOR ROMERO GALVAN,<br><br>      Defendants. | CASE NO. 1:20-CR-00161-JLT-SKO<br><br>ORDER REGARDING GOVERNMENT'S DISCLOSURE OF SENSITIVE MATERIALS AND PERSONAL IDENTIFICATION INFORMATION TO DEFENDANTS |

   The Court has received and considered the jointly-filed Stipulation Regarding Disclosure of Sensitive Materials and Personal Identifying Information between Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Eastern District of California, defendant JORGE LUIS VELASQUEZ, by and through his counsel of record, Peter Jones, defendant OMAR VELAZQUEZ LANDEROS, by and through his counsel of record, W. Scott Quinlan, and defendant VICTOR ROMERO GALVAN, by and through his counsel of record, Roger Bonakdar. Defendants VELASQUEZ, LANDEROS and GALVAN are hereinafter referred to as "defendants."

   Good cause showing, IT IS HEREBY ORDERED THAT:

   1. The government will identify the discovery materials in this case the disclosure of which could jeopardize the safety of witnesses or other persons or affect the confidentiality of ongoing

investigations (the "Sensitive Materials").

2. The government will mark all Sensitive Materials with the following stamp or inscription: "SENSITIVE MATERIALS"

3. If the government distributes any document, compact disk, or other material bearing the above label:

    a. Defense counsel shall not distribute Sensitive Materials to anyone other than their own legal staff (including paralegal assistants, legal secretaries, defense investigators, and lawyer-associates);

    b. Defense counsel shall not allow anyone other than themselves and their legal staff to possess, or maintain possession of, any Sensitive Materials;

    c. Defense counsel or their legal staff may show defendants Sensitive Materials, but may not allow defendants to possess Sensitive Materials other than in the presence of defense counsel or their legal staff;

    d. Defendants shall not distribute the sensitive materials to anyone;

    e. Defense counsel and defendants may not disclose the contents of any Sensitive Materials publicly, including in any court filing, without first meeting and conferring with government counsel, and, in any event, shall file any Sensitive Materials under seal.

4. The parties must confer before filing any motions regarding the government's disclosure (or lack of disclosure) of Sensitive Materials.

5. The evidence in this matter also includes personal identification information for others, including but not limited to names, addresses, dates of birth, social security numbers and bank account numbers, as well as images, messages, and videos extracted from cellular telephones seized during the investigation. (collectively "personal information and phone data").

6. This personal information and phone data is found throughout the discovery in this case, which includes, among other records, large amounts of electronic data from phone extractions, as well as thousands of pages of records from businesses and law enforcement agencies.

IT IS FURTHER ORDERED THAT:

7. Only defense counsel, defense counsels' agents, and the defendants may review the

unredacted personal information and phone data contained in the discovery. Defense counsel, defense counsels' agents and defendants may only use the unredacted personal information and phone data or any portion thereof for the specific purpose of preparing or presenting a defense in this matter and for no other purpose.

8. Only defense counsel and defense counsels' agents may make copies of any discovery containing unredacted personal information and phone data; the defendants may make copies for their own use only of any discovery containing unredacted personal information and phone data that has been provided to them by their defense counsel or their defense counsels' agents, and may not release any such copies to any third party.

9. At the conclusion of this matter, defense counsel will collect and destroy any and all copies of documents and portions thereof containing the personal information and phone data that defense counsel possesses and/or has made and distributed to their agents and/or defendants, except a copy set as necessary to maintain in defense counsels' case file.

10. This Order shall apply to unredacted personal information and phone data contained in all discovery produced in this case, including any discovery produced after entry of this Order.

IT IS SO ORDERED.

Dated: 1/27/2022

*Sheila K. Oberto*
THE HONORABLE SHEILA K. OBERTO
UNITED STATES MAGISTRATE JUDGE